**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| IN RE: ) </br> ) </br> KEITH DOUGLASS MEDLIN, ) </br> ) </br> DEBTOR, ) </br>_____ ) </br> ) </br> JANET BEABOUT and VIVIAN ) </br> HUMPHREY, ) </br> Plaintiffs, ) </br> ) </br> vs. ) </br> ) </br> KEITH DOUGLAS MEDLIN, ) </br> Defendant. ) </br>_____ ) | CASE NO. 19-00298-5-DMW </br> CHAPTER 13 </br> </br> </br> </br> </br> </br> </br> ADVERSARY PROCEEDING NO. </br> 19-00063-5-DMW |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PRE-ANSWER MOTION TO DISMISS AMENDED COMPLAINT

This Adversary Proceeding ("AP") contains two causes of action in the Amended Complaint (AP Doc 7) filed June 17, 2019. Plaintiffs' Count I is an action for fraud and to determine the dischargeability of an alleged debt brought under 11 U.S.C. § 523(c). Plaintiffs' Count II is for breach of contract. Defendant has filed a Pre-Answer Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure made applicable in this AP by Federal Rule of Bankruptcy Procedure 7012(b). A Motion to Dismiss pursuant to Rule 12(b)(6) is appropriate "if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Defendant disputes certain factual allegations in the Complaint and allegations of fraudulent conduct; yet, even if the Complaint is taken as true Defendant asserts that dismissal of both counts is appropriate.

**I.   COUNT I SHOULD BE DISMISSED BECAUSE DEFENDANT DID NOT OBTAIN MONEY, PROPERTY, SERVICES, OR AN EXTENSION, RENEWAL, OR REFINANCING OF CREDIT.**

Defendant did not obtain money, property, services, or credit by the alleged fraud described in the Amended Complaint. As such, Plaintiffs' Count I must fail under the applicable statute. Plaintiffs' Amended Complaint cites that it is brought under § 523(c) to determine the

dischargeability of a debt. Section 523(c) refers to § 523(a) paragraphs (2), (4), or (6). The Amended Complaint does not specify a particular paragraph, but it labels Count I as "FRAUD" and makes allegations of fraud and false representations. Thus, Count I must be proceeding under § 523(a) which states as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> …
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> (B) use of a statement in writing—
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive;
> ….

§ 523(a)(2)(A) and (B).[1] The Amended Complaint does not specify whether Count I is proceeding under subsection (A) or (B) of paragraph (2). Regardless, though, of which subsection Plaintiffs would latch onto, the language at the outset of paragraph (2) applies to both subsections and requires that either money, property, services, or credit was "obtained by" fraud. Interpreting this phrase, the Fourth Circuit determined the following:

> [I]t is clear from the structure of the phrase that "to the extent obtained" modifies the money, property, services, or credit that constitute the debt. A plain reading of this subsection demonstrates that Congress excepted from discharge not simply any debt incurred as a result of fraud but only debts in which the debtor used fraudulent means to obtain money, property, services, or credit. Structurally, the subsection can have no other meaning.

*Nunnery v. Rountree (In re Rountree)*, 478 F.3d 215, 219 (4th Cir. 2007).

Here, even if accepting the allegations of the Amended Complaint as true the Defendant did not obtain money, property, services, or credit in a manner actionable under 523(a)(2). In summary, Plaintiffs aver that while married to Wendy Oglesby the Defendant through an LLC

---

[1] Section 523(a)(2)(C) applies to consumer debts owed to a single creditor and cash advances and is so clearly irrelevant to this AP that it is not quoted here.

owned and operated a Monkey Joe's franchise.[2] Amd Cmplt ¶¶ 10, 12. In February 2008 U.S. Small Business Administration / American Business Lending ("SBA/ABL") extended credit in the principal amount of $550,000.00 for the franchise to operate. Amd Cmplt ¶ 13. Payment of the loan was guaranteed by Defendant, Wendy Oglesby, and the Minnie B. Dean Trust. Amd Complt Exh. A at Art. II, ¶ 7. Plaintiffs did not individually guarantee payment to SBA/ABL. The Minnie B. Dean Trust also provided a Deed of Trust to secure the SBA/ABL loan with real property at 258 Ocean Boulevard West, Holding Beach, North Carolina. Amd Cmplt ¶¶ 14-15. Defendant obtained a modification of the SBA/ABL loan in May 2013 providing additional time to pay the credit extended by SBA/ABL at a lower monthly payment. Amd Cmplt ¶¶ 16, 19. The Monkey Joe's franchise closed in November 2014, and foreclosure proceedings were commenced against the Trust's real property in February 2015. Amd Cmplt ¶¶ 20-21. Plaintiffs, as Trustees of the Trust, reached a settlement with SBA/ABL in April 2015 to avoid the foreclosure of the real property, and they each personally provided $80,000.00 to SBA/ABL so that SBA/ABL canceled the foreclosure proceeding and released the deed of trust. Amd Cmplt ¶¶ 23-24. Plaintiffs never allege that Defendant obtained the $160,000.00. Plaintiffs also never allege that the $160,000.00 was an extension of credit to Defendant. Instead, Plaintiffs personally paid the $160,000.00 to SBA/ABL for a loan on which the Minnie B. Dean Trust had guaranteed payment in order that SBA/ABL would cancel foreclosure proceedings against real property owned by the Trust.

In their Amended Complaint Plaintiffs allege that Defendant obtained a modification of payment terms from SBA/ABL and a release. Amd Cmplt ¶ 9. Plaintiffs do not attach a copy of the modification document to the Amended Complaint. The waiver and release was attached to a Property Settlement Contract entered into in November 2015 after Defendant and Wendy Oglesby divorced. Amd Cmplt ¶¶ 30, & Exh. A at Art. II, ¶ 7. There is no allegation by Plaintiffs that Defendant obtained money with the release, or that Defendant obtained property, or services, or credit through the release. Plaintiffs' waiver and release was a promise "to not pursue any legal action of any sort against" Defendant. Amd Cmplt Exh. A at Art. II, ¶ 7.

Plaintiffs attempt to shoehorn a modification of payment terms into meeting the requirements of § 523(a)(2). At paragraph 19 of the Amended Complaint Plaintiffs note that the modification Defendant obtained with SBA/ABL provided three (3) additional years to pay on a loan that had already been given and a reduction in the monthly payment amount. The modification of payment terms with SBA/ABL is not the same thing as "an extension, renewal, or refinancing of credit." SBA/ABL did not extend any credit in May 2013, nor did it renew or refinance any credit. The loan and credit already existed; the modification only adjusted the terms of repayment on the prior existing credit obligation.

Accordingly, Count I of Plaintiffs' Complaint under § 523(a)(2) fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

---

[2] Monkey Joe's is a franchise featuring indoor inflatables, bounce houses, arcades, and fun activities for kids. *See* https://www.monkeyjoes.com.

## II.  COUNT II SHOULD BE DISMISSED BECAUSE THE AMENDED COMPLAINT ONLY SUFFICIENTLY PLEADS A RIGHT TO SUE BUT NOT THE ULTIMATE ISSUE OF LIABILITY.

Count II of Plaintiffs' Amended Complaint is alleged under a theory of breach of contract. The Amended Complaint avers that Plaintiffs are intended third-party beneficiaries to the Property Settlement Contract entered into between Defendant and Wendy Oglesby after they divorced. Amd Cmplt ¶ 61. In Plaintiffs' words, "Defendant was obligated to pay the remaining amount due on the SBA/ABL Loan and to indemnify Ms. Oglesby from liability" and "[i]n exchange, Plaintiffs, individually and as trustees of the Trust, were obligated to execute a waiver and release of Defendant of any claims they *might* have against him arising out of the SBA/ABL Loan and subsequent default." Amd Cmplt ¶¶ 62-63 (emphasis added).

As alleged in the Amended Complaint, the *quid pro quo* between the parties was that Defendant would pay the remaining SBA/ABL loan and Plaintiffs would not sue him for claims they *might* have against him. The language of the "Waiver/Release" attached as Exhibit A to the Property Settlement Contract states that each Plaintiff "waives any claims and releases … Keith Medlin … from any and all claims, demands, costs, liabilities, actions, and causes of action of every nature whether in law or in equity known or unknown, suspected or unsuspected, which [each Plaintiff] ever had or now has, against … Keith Medlin." In other words, so long as Defendant paid the SBA/ABL loan, then he would be free from the possibility of litigation, but if Defendant failed to pay the SBA/ABL loan then Plaintiffs would be free to sue him and bring any claim(s) they ever had against him.

The allegations of the Amended Complaint in conjunction with the Property Settlement Contract and the Waiver/Release do not establish Defendant's personal liability to pay Plaintiffs for the $160,000.00 that Plaintiffs personally paid in April 2015 to SBA/ABL on behalf of the Minnie B. Dean Trust for a loan which the Minnie B. Dean Trust was co-obligated and for which it had provided collateral to secure.

Taking the Amended Complaint as alleged, Plaintiffs only establish that because of Defendant's breach of the Property Settlement Contract they have the right to take legal action for any claim or damage they might have against Defendant. However, Plaintiffs do not plead sufficient facts beyond that to make it appear plausible on its face that Defendant is in fact personally obligated to pay Plaintiffs $80,000.00 each. The reasonable factual inference from the Amended Complaint is that as Trustees of the Trust the Plaintiffs did not want the Trust's real property to be foreclosed upon, and so they negotiated and then personally paid a settlement amount to SBA/ABL so that the foreclosure proceeding would be dismissed. Amd Cmplt ¶¶ 23-25. Those alleged facts do not give rise to a claim that is plausible on its face that Defendant owes each Plaintiff $80,000.00.

Notably, the instant AP is not brought by the Minnie B. Dean Trust. Based on the facts alleged in the Amended Complaint the Trust was obligated on the SBA/ABL loan as a co-guarantor. Amd Complt Exh. A at Art. II, ¶ 7. In certain circumstances a co-guarantor can bring a claim for contribution against any other party having the same joint and several liability. *See* N.C. Gen. Stat. § 25-3-116. However, based on the facts as alleged the $160,000.00 payment did

not come from the Trust but came from the Plaintiffs personally, and it is not alleged in the Complaint that Plaintiffs were co-guarantors on the SBA/ABL loan.

Accordingly, Count II of Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

### III. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER § 1328(a)(4) BECAUSE DEFENDANT DID NOT CAUSE PERSONAL INJURY TO OR THE DEATH OF ANY INDIVIDUAL.

At paragraphs 43 and 68 of the Amended Complaint Plaintiffs allege that Defendant's acts were "intentional, willful, and malicious." The language suggests that Plaintiffs might be alluding to § 523(a)(6) or § 1328(a)(4) even though there is no formal Count III in the Amended Complaint specifying a cause of action under either of those provisions. However, even if the Amended Complaint is construed as containing a claim for willful or malicious injury, such a claim must fail. Section 523(a)(6) does not apply in Chapter 13 cases when a debtor is seeking a discharge pursuant to § 1328(a) as Defendant is here; markedly, § 1328(a)(2) does not incorporate § 523(a)(6). Furthermore, § 1328(a)(4) requires that a debtor "caused *personal* injury to an individual or the death of an individual." (Emphasis added.) "[A] debt for a willful and malicious injury to property is dischargeable in chapter 13." *In re Nwoke*, No. 07-10324-SSM, 2008 Bankr. LEXIS 857, *3 n.1 (Bankr. E.D. Va. March 18, 2008). There is no allegation in the Amended Complaint that Defendant caused personal injury to Plaintiffs or caused the death of Plaintiffs.

### IV. CONCLUSION.

For the reasons set forth herein, Plaintiffs' AP Amended Complaint should be dismissed, in its entirety, with prejudice.

Respectfully submitted this, the 1st day of July, 2019.

SASSER LAW FIRM

By: s/ Travis Sasser
Travis Sasser, State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, N.C. 27518
Tel: 919-319-7400
Fax: 919-657-7400
travis@sasserbankruptcy.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below at their last known address by first class U.S. Mail with sufficient postage thereon:

Todd A. Jones, Esq.
Attorney for Plaintiffs
***Served Electronically via CM/ECF***

This, the 1st day of July, 2019.

                                             SASSER LAW FIRM

                                             By: s/ Travis Sasser
                                             Travis Sasser, State Bar No. 26707
                                             2000 Regency Parkway, Suite 230
                                             Cary, N.C. 27518
                                             Tel: 919-319-7400
                                             Fax: 919-657-7400
                                             travis@sasserbankruptcy.com
                                             *Attorney for Defendant*