UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN THE MATTER OF:

Doreen Susan Baum                                    Case No.: 14-03283-5-DMW
      Debtor
_____/

Martin Baum

      Plaintiff,

                                  Adv. Case No.: 14-00044-5-DMW

Vs.

Doreen Susan Baum

      Defendant/Debtor.
_____/

**DEFENDANT'S ANSWER TO AMENDED ADVERSARY COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant/Debtor, Doreen Susan Baum, by and through her undersigned

attorneys, hereby answers the amended complaint filed against her in this proceeding as

follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Denied.

6.      Admitted.

7.      Denied.

8.      Denied.

9.      Mrs. Baum realleges the prior paragraphs of her Answer as if fully set

        forth herein.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.   Mrs. Baum reallegers the prior paragraphs of her Answer as if fully set forth herin.

29.   Admitted.

30.   Admitted.

31.   Admitted to the extent that funds from the rental of the beach house were used at times to pay the mortgage on the property.  Denied to the extent that they were exclusively used for that purpose.

32.   Denied.

33.   Denied.

34.   Denied.

35.   Denied.

36.   Denied.

37.   Denied.

38.   Denied.

39.   Denied.

40.   Denied.

41.   Denied.

42.   Denied.

43.   Denied.

44.   Denied.

45.   Denied.

## AFFIRMATIVE DEFENSES

1. The parties were married and together until their separation on January 6, 2010. They were subsequently divorced in 2011, but it was not until a mediation that took place in March 2014 that resulted in two consent orders both dated April 28, 2014 that the issues of alimony and equitable distribution were resolved between the parties.  The consent orders specifically provide for waivers for any subsequent claims or actions between the parties.  At the time of the mediation, all of the issues and factual allegations set forth by Plaintiff in his Amended Complaint were either raised, addressed, and resolved, or Plaintiff could have raised them because of his prior knowledge.

2. Based on the above, Plaintiff is estopped from raising these issues that should have been brought up in the prior divorce action.

3. Based on the above, Plaintiff has waived his right to bring this action by the terms of the Consent Orders.

FELDEN and FELDEN, P.A.
Attorneys for Defendant/Debtor
PO Box 1399
Jacksonville, NC 28541
(910) 777-5464
(888) 808-9991 fax

/s/Christian B. Felden_____
Christian B. Felden, Esquire
NC State Bar No. 37438

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been furnished by regular US Mail and/or electronic mail to:

Gregory B. Crampton, Chapter 7 Trustee,

Joseph H. Nanney, Jr., Meynardie & Nanney, PLLC, Attorneys for Plaintiff, 2840 Plaza

Place, Suite 200, Raleigh, NC 27612

this 1st day of June, 2015.

             FELDEN and FELDEN, P.A.
             Attorneys for Defendant/Debtor
             PO Box 1399
             Jacksonville, NC 28541
             (910) 777-5464
             (888) 808-9991 fax


             /s/Christian B. Felden_____
             Christian B. Felden, Esquire
             NC State Bar No. 37438